Law Library

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
OF GUAM
2013 AUG 28 PM 3: 38

| | |
|---|---|
| RICHARD J. & AND EDWARD G. UNTALAN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CHRISTOPHER STAHL, ) <br> ) <br> Defendant. ) | CIVIL CASE NO. CV1212-11 <br><br> Answer <br> (Statement of Objection) |

## BACKGROUND

This case is currently assigned to Judge Vernon P. Perez ("Court"). On July 31, 2013 the Court issued a notice of disqualifying facts pursuant to 7 GCA § 6105 and § 6107. Defendant Christopher Stahl ("Defendant") filed an objection to the Court's competency ("Objection") on August 9, 2013. Having reviewed the Statement of Objection, the Court now issues its response.

## DISCUSSION

Title 7 GCA § 6105 governs the disqualification of judges. Section 6105(a) provides:

§ 6105. Grounds of Disqualification.

(a)     Any judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, but if, following complete disclosure to all parties in the proceedings of the reasons for disqualification, all parties agree to having the judge continue to sit in the proceedings, he or she need not disqualify himself or herself.

7 GCA § 6105(a). Guam courts apply an "objective, reasonable person standard in determining whether there is an appearance of bias meriting disqualification." *People of Guam v. Tennessen*, 2010 Guam 12 ¶ 49. "The Tenth Circuit has held that neither '[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters[,] [nor] mere

Answer
Civil Case No. CV1212-11

familiarity with the defendant give rise to disqualification under the federal disqualification statute." *Id.*(quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). "[T]he Tenth Circuit also rightly observed, a judge has 'as strong a duty to sit when there is no legitimate reason to recuse as does when the law and facts require.'" *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178-79 (9th Cir. 2005) (quoting *Nichols*, 71 F.3d at 351)).

Defendant contends that the basis for the Court's disqualification is that the Defendant's former spouse is the daughter of former Governor Carl T.C. Gutierrez, whose family the Court has known for many years casually in political contexts and from growing up in adjacent villages. Additionally, Defendant contends that there are sufficient grounds for the Court's disqualification due to the association that the Court has with a religious order, of which a close family member of the Defendant's former spouse is also affiliated with.

The Court concludes that the above-listed facts are legally inadequate to cause a reasonable person to question the Court's impartiality in this matter. Due to closeness of such a small community, judges will almost inevitably form acquaintances, some even so remote, that may eventually arise in litigation before their court. The fact that the Court has known the family of the Defendant's former spouse along with the Court's mere membership in the same religious order as the mother of the Defendant's former spouse, alone, would not cause a reasonable person to question the Court's impartiality. "Judges are not soulless automatons; they are permitted to have social and cultural interests outside of the courtroom." *Armenian Assembly of Am., Inc. v. Cafesjian*, 783 F.Supp. 2d 78, 90 (D.D.C. 2011); *Sexson v. Servaas*, 830 F.Supp. 475, 478 ("In taking the oath of office as a judge, a person does not agree to be a hermit removed from the world.") The facts, as asserted in Defendant's Statement of Objection, are legally insufficient to disqualify the Court.

Answer
Civil Case No. CV1212-11

## CONCLUSION

For the Foregoing reasons, the Court ANSWERS Defendant's Statement of Objection and states that the Court should not be disqualified from the current case on the bases presented in the Statement of Objection.

**SO ORDERED** this 28th of August 2013.

I, Judge Vernon P. Perez, verify under penalty of perjury the foregoing is true and correct.

**HONORABLE VERNON P. PEREZ**
**JUDGE, SUPERIOR COURT OF GUAM**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

AUG 28 2013

Therese M. Blas
Deputy Clerk, Superior Court of Guam

Answer
Civil Case No. CV1212-11